UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CUSAKBC, L.L.C.                              CIVIL ACTION NO. 05-1322

versus                                       JUDGE HICKS

KRISTEN LEIGH ABERNATHY,                     MAGISTRATE JUDGE HORNSBY
ET AL.

**MEMORANDUM ORDER**

CUSAKBC, L.L.C. ("Plaintiff") filed this action based on an assertion of diversity jurisdiction. The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). The complaint does not contain adequate facts from which this court can ascertain that the parties are of diverse citizenship. Plaintiff must file a **motion for leave to amend its complaint** (accompanied by the proposed amendment) by **March 20, 2006** to allege facts in accordance with the rules set forth below that establish the citizenship of all parties for purposes of diversity jurisdiction.

Plaintiff describes itself as a foreign limited liability company with its domicile in Delaware and principal office in Texas. The state of incorporation and principal place of business are relevant to the citizenship of a corporation, but the rules for an LLC are different. Most states deem an LLC to be an unincorporated association. See, e.g., La. R.S.

12:1301(10). An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are irrelevant. <u>Cosgrove v. Bartolotto</u>, 150 F.3d 729, 731 (7th Cir. 1998); <u>Handelsman v. Bedford Village Assocs. L.P.</u>, 213 F.3d 48 (2d Cir. 2000); <u>GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.</u>, 357 F.3d 827 (8th Cir. 2004); <u>Belleville Catering Co. v. Champaign Market Place, LLC</u>, 350 F.3d 691, 694 (7th Cir. 2003). Accordingly, it is incumbent on the party asserting diversity to identify and allege the citizenship of each member of an LLC party. If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. <u>Meyerson v. Harrah's East Chicago Casino</u>, 299 F.3d 616 (7th Cir. 2002).

Defendant Mid-Century Insurance Company is described as a foreign insurer with its principal place of business and "domicile" in California. Defendant Geico Indemnity Company is described as a foreign insurer with its principal place of business in Maryland and its "domicile" in California. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." <u>Joiner v. Diamond M Drilling Co.</u>, 677 F.2d 1035, 1039 (5th Cir. 1982).

The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).  The allegation that Mid-Century and Geico are domiciled in California is perhaps intended to allege that the companies are incorporated in California.  If that is the case, then the pleading should say so with specificity. If not, the pleading should identify the states where those corporations are incorporated.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 1st day of February, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE